**James M. BAHM, II, Appellant–Petitioner,**

v.

**STATE of Indiana, Appellee–Respondent.**

**No. 10A01–0208–PC–317.**

Court of Appeals of Indiana.

July 29, 2003.

James M. Bahm, II, Tell City, IN, appellant pro se.

Steve Carter, Attorney General of Indiana, Richard C. Webster, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION ON REHEARING

MAY, Judge.

James Bahm petitions for rehearing of our opinion dated May 29, 2003. We grant his petition in order to clarify for Bahm the impact of our prior holdings upon the issues and arguments he may raise at the hearing on remand.

■ Issues available, but not raised, at trial and on direct appeal are waived for post-conviction proceedings. *Timberlake v. State,* 753 N.E.2d 591, 597 (Ind.2001), *reh'g denied, cert. denied,* 537 U.S. 839, 123 S.Ct. 162, 154 L.Ed.2d 61 (2002). In addition, our supreme court has instructed that allegations of fundamental error are not cognizable in post-conviction proceedings. *See Sanders v. State,* 765 N.E.2d 591, 592 (Ind.2002). Consequently, in a post-conviction petition or at the hearing thereon, Bahm may not argue that his convictions should be reversed because of insufficient evidence or inappropriate jury instructions.

■ Nevertheless, issues waived as free-standing arguments may be raised in post-conviction proceedings as arguments supporting a claim of ineffective assistance of trial or appellate counsel. *See, e.g., Timberlake,* 753 N.E.2d at 597–98 (noting most free-standing issues are unavailable in post-conviction proceedings because of waiver and *res judicata,* but that such arguments can be addressed in the context of ineffective assistance of counsel); *Hubbard v. State,* 696 N.E.2d 72, 74 (Ind.Ct. App.1998) (declining to address waived jury-instruction issue as free-standing issue, but addressing the argument in the context of ineffective assistance of counsel).

■ However, for an argument to be available in post-conviction proceedings as a reason why counsel was ineffective, the petitioner must have raised such ground in his petition for post-conviction relief. *See Allen v. State,* 749 N.E.2d 1158, 1171 (Ind. 2001) (holding alleged grounds supporting ineffective assistance of counsel were waived because they had not been raised in petition, while grounds raised in petition were addressed on the merits), *reh'g denied, cert. denied,* 535 U.S. 1061, 122 S.Ct. 1925, 152 L.Ed.2d 832 (2002). If, in his petition for post-conviction relief, Bahm asserted his counsel was ineffective because counsel failed to question the sufficiency of the evidence or the accuracy of the jury instructions, then Bahm may present at the post-conviction hearing evidence and argument regarding the evidence or instructions in support of his ineffective assistance claim at the post-conviction hearing. If Bahm did not assert those grounds in his petition as reasons why his counsel was ineffective, then

he may not present such evidence or argument at the hearing.[1]

With such clarification, our earlier opinion is affirmed in all respects.

BROOK, C.J., and FRIEDLANDER, J., concur.

---

1. Because we do not have a copy of Bahm's petition for post-conviction relief before us at this stage of the proceedings, we are unable to determine whether Bahm asserted these arguments in support of his ineffective assistance claims. Consequently, this matter will have to be resolved upon remand.