**Roy TRUITT, Appellant–Petitioner,**

v.

**STATE of Indiana, Appellee–Respondent.**

**No. 49A02–0508–PC–751.**

Court of Appeals of Indiana.

Sept. 1, 2006.

Roy Truitt, Greencastle, IN, Appellant pro se.

Steve Carter, Attorney General of Indiana, Monika Prekopa Talbot, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BAKER, Judge.

Appellant-petitioner Roy Truitt appeals the summary denial of his petition for post-conviction relief regarding his challenge to the effectiveness of counsel at his probation revocation hearing. Specifically, Truitt contends that the post-conviction court erred in denying his petition without a hearing on the merits of his claims. Concluding that the summary denial of Truitt's petition for post-conviction relief was error, we reverse and remand for a hearing on the merits.

### FACTS

On January 25, 1999, Truitt was convicted of class D felony possession of cocaine and class B felony dealing in cocaine. At the February 25, 1999, sentencing hearing, the trial court merged the two convictions and sentenced Truitt to twenty years of incarceration. The trial court also suspended ten years of the sentence and placed Truitt on probation for two years.

On May 12, 2003, the probation department filed a notice of probation violation, alleging that Truitt had failed to report to his probation officer. Truitt, who appeared at the revocation hearing with counsel, ultimately admitted the violation. At the hearing, the record shows that after Truitt explained to the trial court that he had a substance abuse problem, the only comment offered by his counsel was "TRV maybe, Your Honor?," tr. p. 4, which was apparently a suggestion for alternative placement during the remainder of Truitt's probationary period. Appellee's Br. p. 5. After hearing comments from Truitt himself, the trial court rejected counsel's suggestion, revoked Truitt's probation, and ordered him to serve the previously suspended ten-year sentence.

On October 31, 2003, Truitt filed a petition for post-conviction relief, alleging that his trial counsel was ineffective for failing to raise a number of errors in the original trial and at sentencing. The post-conviction court denied that petition without a hearing. Thereafter, Truitt filed a notice of appeal on November 10, 2003, but the appeal was later dismissed. On February 14, 2005, Truitt filed a motion for a change of judge and another petition for post-conviction relief. In that petition, Truitt maintained that his counsel was ineffective at the probation revocation hearing. Specifically, Truitt alleged that following his arrest for the alleged violation, he was "brought to the probation violation hearing without ever having spoken to any public defender or attorney assigned to represent him." Appellant's App. p. 53. Truitt claimed that his counsel was ineffective for failing to present any mitigating circumstances that were relevant to the alleged violation and the sentence that the trial court should impose if his probation was revoked. Thereafter, the post-conviction court denied that petition without a hearing. Truitt then refiled his petition and the post-conviction court again summarily denied his request for relief. Truitt now appeals.[1]

## DISCUSSION AND DECISION
### I. Standard of Review

We initially observe that post-conviction relief is the exclusive remedy for challenging the validity of a guilty plea during probation revocation proceedings. *Huffman v. State*, 822 N.E.2d 656, 660 (Ind.Ct.App.2005). Thus, a petitioner in a post-conviction proceeding bears the burden of establishing grounds for relief by a preponderance of the evidence. Ind. Post–Conviction Rule 1(5); *McCarty v. State*, 802 N.E.2d 959, 962 (Ind.Ct.App.2004), *trans. denied.* When appealing from the denial of post-conviction relief, the petitioner stands in the position of one appealing from a negative judgment. *McCarty*, 802 N.E.2d at 962. On review, we will not reverse the judgment unless the evidence as a whole unerringly and unmistakably leads to a conclusion opposite that reached by the post-conviction court. *Id.* Post-conviction procedures do not afford petitioners with a "super appeal." *Richardson v. State*, 800 N.E.2d 639, 643 (Ind.Ct.App. 2003). Rather, they create a narrow remedy for subsequent collateral challenges to convictions that must be based upon grounds enumerated in the post-conviction rules. *Id.; see also* P–C.R. 1(1).

### II. Truitt's Contentions

Aside from the merits of his ineffective assistance of counsel claims, Truitt argues

---

1. This Court issued an order on February 23, 2006, which provided, among other things, that "the issues [Truitt] *may raise on appeal* are limited to . . . those related to his probation revocation. Appellant shall not raise in this appeal issues pertaining to his original conviction and sentence." (Emphasis added).

that the post-conviction court erred in summarily denying his petition for post-conviction relief without a hearing. In essence, Truitt maintains that our post-conviction rules require a hearing on his ineffective assistance of counsel claims.

In resolving this issue, we first note that Post–Conviction Rule 1(5) provides in relevant part that:

> The petition shall be heard without a jury. A record of the proceedings shall be made and preserved. All rules and statutes applicable in civil proceedings including pre-trial and discovery procedures are available to the parties, except as provided above.... The court may receive affidavits, depositions, oral testimony, or other evidence and may at its discretion order the applicant brought before it for the hearing.

Additionally, Post–Conviction Rule 1(4)(g) states:

> *The court may grant a motion by either party for summary disposition of the petition* when it appears from the pleadings, depositions, answers to interrogatories, admissions, stipulations of fact, and any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. The court may ask for oral argument on the legal issue raised. If an issue of material fact is raised, then the court shall hold an evidentiary hearing as soon as reasonably possible.

(Emphasis added). Finally, we note that Post–Conviction Rule 1(6) provides in part that "the court shall make specific findings of fact, and conclusions of law on all issues presented, whether or not a hearing is held."

■ In construing these rules, our Supreme Court has determined that an evidentiary hearing is required when issues of fact are raised even in the unlikely event that the petitioner will produce evidence sufficient to establish his claim. *Bailey v. State,* 447 N.E.2d 1088, 1090 (Ind.1983). By the same token, when the petition for post-conviction relief *"conclusively* demonstrates that the petitioner is entitled to no relief, a hearing on the matter is unnecessary and the petition may be denied without further proceedings." *Robinson v. State,* 493 N.E.2d 765, 767 (Ind.1986) (emphasis added).

■■ In light of the above, we note that when a petitioner claims ineffective assistance of counsel, he must satisfy a two-pronged test, showing that: (1) his counsel's performance fell below an objective standard of reasonableness based on prevailing professional norms; and (2) there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Blanchard v. State,* 802 N.E.2d 14, 34 (Ind. Ct.App.2004) (citing *Strickland v. Washington,* 466 U.S. 668, 690, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). Counsel's performance is presumed effective, however, and a defendant must offer strong and convincing evidence to overcome this presumption. *Blanchard,* 802 N.E.2d at 34. *Id.*

■ In this case, Truitt advanced several claims in his petition for post-conviction relief in support of his argument that his counsel at the revocation proceeding was ineffective. For instance, Truitt claimed that he was without the opportunity to consult with his counsel prior to the hearing to discuss possible "mitigating circumstances" surrounding his failure to report to the probation office. Appellant's App. p. 42, 48. Hence, Truitt asserted that his counsel was ineffective for failing to offer any advice regarding possible "defenses" to the revocation that might have been relevant to the trial court in deciding what, if any, sentence to impose in the event of a revocation. *Id.* at 48–49. As noted above,

the record shows that the only words stated by Truitt's counsel at the hearing were, "TRV maybe, Your Honor?," tr. p. 4, which the State suggests was "suggested alternative placement" for Truitt. Appellee's Br. p. 5.

Additionally, there is nothing in the record to suggest that the pleadings, affidavits, or other materials designated in Post–Conviction Rule 1(4)(g) would entitle the State to a judgment as a matter of law as to Truitt's ineffective assistance of counsel claims. And there is no showing that the State ever moved for a summary disposition of Truitt's request for relief as Post–Conviction Rule 1(4)(g) requires. Finally, the only "findings" made by the post-conviction court were in the way of notations that were entered at the bottom of Truitt's "re-filed" petition of June 8, 2005, indicating that it was "a subsequent filing, made without permission of the Court of Appeals and therefore not appropriate." Appellant's App. p. 40.[2] And the post-conviction court's entry in the chronological case summary indicates that yet another petition for post-conviction that Truitt filed on June 27, 2005, was "denied" the following day. Id. at 26–27.

In light of these considerations, it is apparent that the post-conviction court erred in summarily denying Truitt's petition for post-conviction relief. Thus, we are compelled to reverse the denial of Truitt's request for relief and remand this cause to the post-conviction court for a hearing on the merits of Truitt's petition.

Reversed and remanded.

SULLIVAN, J., and MAY, J., concur.

2. The record indicates that Truitt's February 14, 2004 petition for post-conviction relief from his probation violation proceeding may have been denied on February 17, but no entry was made to that effect. This prompted Truitt to "refile" his petition on June 8, 2005.