Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEYS FOR APPELLANT:

**MARIO GARCIA**
**CHRISTOPHER H. WEINTRAUT**
Brattain Minnix Garcia
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JOSPEH Y. HO**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| SHAWN MCWHORTER, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 73A01-1309-PC-375 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE SHELBY CIRCUIT COURT
The Honorable Charles D. O'Connor, Judge
Cause No. 73C01-1212-PC-022

**March 18, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**MATHIAS, Judge**

Shawn McWhorter ("McWhorter") pleaded guilty in Shelby Circuit Court to Class B felony criminal deviate conduct and Class C felony robbery and was sentenced to an aggregate term of twenty-eight years incarceration. After this court rejected his direct appeal, McWhorter filed a petition for post-conviction relief claiming ineffective assistance of trial counsel. The post-conviction court denied McWhorter's petition. McWhorter appeals and claims that the trial court clearly erred in determining that he was not denied the effective assistance of trial counsel due to his counsel's failure to investigate McWhorter's mental health.

We affirm.

**Facts and Procedural History**

The facts underlying McWhorter's convictions were set forth in our not-for-publication memorandum decision in McWhorter's direct appeal:

> The relevant facts follow. On or about July 25, 2007, during the early morning hours, McWhorter was driving his car when he saw two girls, who were under the age of sixteen at the time, on the side of the road. McWhorter admitted at his guilty plea hearing that he used the threat of force to cause one of the girls to submit to deviate sexual conduct and to commit robbery by taking money from the other girl.
>
> On November 14, 2007, the State charged McWhorter with criminal deviate conduct as a class A felony, sexual misconduct with a minor as a class A felony and as a class B felony, two counts of criminal confinement as class B felonies, attempted sexual misconduct with a minor as a class A felony, armed robbery as a class B felony, impersonation of a public servant as a class D felony, and intimidation as a class D felony.
>
> McWhorter and the State entered into a Joint Motion to Enter Plea of Guilty and Advisement of Rights and Waiver dated September 18, 2009 and file-stamped on September 23, 2009. In the Joint Motion, McWhorter agreed to enter a plea of guilty for criminal deviate conduct as a class B felony and robbery as a class C felony. Section A of the Joint Motion indicated that the sentence was "OPEN." Section D included the additional term of the plea that "[t]he Judge to determine whether counts ... run concurrent or consecutive to each other and whether our case is

2

concurrent/consecutive to Marion County." Paragraph 6 of a separate Advisement of Rights and Waiver, also dated September 18, 2009 and signed by McWhorter and the State, provided in part:

> If you plead guilty to an offense with sentencing to be determined by the Court, you waive your right to have any court review the reasonableness of the sentence, including but not limited to appeals under Indiana Rule of Appellate Procedure 7(B) and you agree and stipulate that the sentence of the court is reasonable and appropriate in light of your nature and character.

On October 20, 2009, the trial court conducted a guilty plea hearing and took McWhorter's plea under advisement. Also at the hearing, the court told McWhorter that the agreement between the State and McWhorter contained a provision under which McWhorter waived the right to appeal his sentence.

On November 19, 2009, the trial court held a sentencing hearing. The court accepted McWhorter's plea of guilty as set forth in the Joint Motion. The court found several aggravating factors and one mitigating factor, assigned the aggravating factors substantial weight and the mitigating factor minimal weight, and found that the aggravating factors justified an enhanced sentence. The court then sentenced McWhorter to twenty years executed for the criminal deviate conduct conviction and eight years executed for the robbery conviction, and ordered the sentences to be served consecutive to each other and consecutive to a sentence imposed in a separate case in Marion Superior Court 3 under Cause Number 49G03-0710-FA-210802 . . . . The court also confirmed that McWhorter understood that he "may be entitled to take an appeal" and that any appeal must be filed within thirty days after sentencing or the denial of a motion to correct error.

McWhorter v. State, 73A01-0912-CR-573, 2010 WL 2812715, slip op. at 2-4 (Ind. Ct. App. July 19, 2010).

On direct appeal, McWhorter challenged the propriety of his sentence under Indiana Appellate Rule 7(B). A panel of this court concluded that, based on the language in his plea agreement, McWhorter waived his right to appeal his sentence. Id. at 7. Still, we held that, even if McWhorter had not waived his right to appeal, his sentence was not

inappropriate in light of the nature of the offense and the character of the offender. Id. at 12.

McWhorter filed a petition for post-conviction relief on December 5, 2012. After the State responded, the post-conviction court held a hearing on the matter on May 2, 2013. The post-conviction court entered an order denying McWhorter's petition on August 6, 2013. McWhorter now appeals.

### Post-Conviction Standard of Review

Post-conviction proceedings are not "super appeals" through which convicted persons can raise issues they failed to raise at trial or on direct appeal. McCary v. State, 761 N.E.2d 389, 391 (Ind. 2002). Rather, post-conviction proceedings afford petitioners a limited opportunity to raise issues that were unavailable or unknown at trial and on direct appeal. Davidson v. State, 763 N.E.2d 441, 443 (Ind. 2002). A post-conviction petitioner bears the burden of establishing grounds for relief by a preponderance of the evidence. Henley v. State, 881 N.E.2d 639, 643 (Ind. 2008). On appeal from the denial of post-conviction relief, the petitioner stands in the position of one appealing from a negative judgment. Id. To prevail on appeal from the denial of post-conviction relief, the petitioner must show that the evidence as a whole leads unerringly and unmistakably to a conclusion opposite that reached by the post-conviction court. Id. at 643-44.

Where, as here, the post-conviction court makes findings of fact and conclusions of law in accordance with Indiana Post-Conviction Rule 1(6), we cannot affirm the judgment on any legal basis, but rather, must determine if the court's findings are sufficient to support its judgment. Graham v. State, 941 N.E.2d 1091, 1096 (Ind. Ct.

4

App. 2011), aff'd of reh'g, 947 N.E.2d 962. Although we do not defer to the post-conviction court's legal conclusions, we review the post-conviction court's factual findings under a clearly erroneous standard. Id. Accordingly, we will not reweigh the evidence or judge the credibility of witnesses, and we will consider only the probative evidence and reasonable inferences flowing therefrom that support the post-conviction court's decision. Id.

**Effective Assistance of Trial Counsel**

McWhorter claims that the trial court erred in concluding that he was not denied the effective assistance of trial counsel. The law regarding claims of ineffective assistance of trial counsel was summarized in Timberlake v. State as follows:

> A defendant claiming a violation of the right to effective assistance of counsel must establish the two components set forth in Strickland v. Washington, 466 U.S. 668 (1984). First, the defendant must show that counsel's performance was deficient. This requires a showing that counsel's representation fell below an objective standard of reasonableness, and that the errors were so serious that they resulted in a denial of the right to counsel guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. To establish prejudice, a defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.
> Counsel is afforded considerable discretion in choosing strategy and tactics, and we will accord those decisions deference. A strong presumption arises that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. The Strickland Court recognized that even the finest, most experienced criminal defense attorneys may not agree on the ideal strategy or the most effective way to represent a client. Isolated mistakes, poor strategy, inexperience, and instances of bad judgment do not necessarily render representation ineffective. The two prongs of the Strickland test are separate and independent inquiries. Thus, [i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed.

5

753 N.E.2d 591, 603 (Ind. 2001) (citations and quotations omitted). We address both prongs of the Strickland analysis below.

## A. Deficient Performance

McWhorter claims that his trial counsel's performance was deficient because he failed to adequately investigate McWhorter's mental health issues. Specifically, he notes that the pre-sentence investigation report ("PSI") prepared in the present case referenced a PSI for McWhorter prepared in another case in Marion County. The Marion County PSI indicated that McWhorter had mental health issues, including treatment for bipolar disorder, depression, and suicidal tendencies. McWhorter's trial counsel, however, questioned McWhorter about the Marion County PSI, and McWhorter told him that the Marion County PSI was simply incorrect. And at the guilty plea hearing, McWhorter told the trial court that he did not suffer from any mental illness.

McWhorter argues that his trial counsel should have further investigated his mental health so that this could have been argued as a mitigating circumstance at sentencing. In support of his position, McWhorter cites McCarty v. State, 802 N.E.2d 959 (Ind. Ct. App. 2004), trans. denied. In McCarty, the defendant was mentally disabled, but his trial counsel failed to discover or investigate this in order to present this fact as mitigating at sentencing. On appeal from the denial of McCarty's post-conviction petition, the court held that the performance of defendant's counsel was deficient because he met with the defendant only once, failed to interview his family members, review the court file, obtain his educational and mental health records, or consult with a mental health professional. Id. at 964-65.

6

In contrast, here, McWhorter's counsel did view the PSI and noticed the reference to the Marion County PSI indicating that McWhorter suffered from mental health issues. When he asked McWhorter about this, however, McWhorter denied the mental health issues and claimed that the Marion County PSI was incorrect. Nor does McWhorter claim that his trial counsel met with him only once. And McWhorter's trial counsel interviewed McWhorter's mother, unlike the counsel in McCarty. Under these facts and circumstances, we are unable to say that the trial court clearly erred in finding that the performance of McWhorter's counsel did not fall below an objective standard of reasonableness for failing to further investigate McWhorter's mental health. But even if McWhorter's counsel's performance was deficient, this does not mean that he would prevail.

*B. Prejudice*

As noted above, even if counsel's performance is deficient, the defendant must still prove that this deficient performance prejudiced the defense. Timberlake, 753 N.E.2d at 603. Here, even though McWhorter's trial counsel did not ask the trial court to consider McWhorter's mental health as a mitigator, he did mention it to the trial court. And the post-conviction judge, who was also the sentencing judge, found that he had acknowledged that McWhorter was taking medication for his mental issues at sentencing—a finding McWhorter does not attack on appeal. Thus, the trial court was at least aware of McWhorter's mental health issues at sentencing. Still, even if McWhorter's mental health issues had been formally proffered as a mitigator,

7

McWhorter has not persuaded us that the trial court would have imposed a different sentence.

Certainly, a defendant's mental illness can be a mitigating factor in sentencing. Ousley v. State, 807 N.E.2d 758, 762 (Ind. Ct. App. 2004). But this does not mean that a defendant's mental illness is automatically to be given significant mitigating weight. The mitigating weight to be given to a defendant's mental illness depends upon: (1) the extent of the defendant's inability to control his or her behavior due to the disorder or impairment; (2) overall limitations on the defendant's functioning; (3) the duration of the mental illness; and (4) the extent of any nexus between the disorder or impairment and the commission of the crime. Id.

Here, McWhorter fails to explain how his mental illness affected his ability to control his behavior. Nor did he present any evidence as to how his illness impaired his ability to function. Perhaps most importantly, McWhorter presented no evidence with regard to any nexus between his illness and his brutal attack on the victims in this case. Indeed, according to the Marion County PSI, McWhorter reported that he had been diagnosed with bipolar disorder and had attempted suicide. He also stated that he had anxiety problems and heard voices which told him that he was "not good enough and [was] not doing enough." Ex. Vol., Defendant's Ex. A, p. 13. McWhorter, however, indicated that he was "not crazy," was simply self-destructive, and "would never hurt anyone else." Id. at p. 14. Thus, even the PSI which noted McWhorter's mental illness failed to show how his mental illness was related to his criminal behavior. And at the post-conviction hearing, McWhorter testified that he was suicidal and "hopeless" during

8

sentencing. Tr. p. 16. He presented no evidence that his mental health had any nexus to his crimes or culpability.

In addition to this, McWhorter has a significant criminal history that included five felony convictions—one of them for rape. And the circumstances of McWhorter's crimes, as quoted from our opinion in his direct appeal, are particularly heinous: he assaulted two girls, had forcible anal intercourse with one, and threatened to kill them if they reported him. Under these facts and circumstances, even if we assume that McWhorter's trial counsel's performance was deficient, McWhorter has not established that he was prejudiced, i.e., that he would have received a different, more lenient sentence.

## Conclusion

The post-conviction court did not clearly err in concluding that McWhorter's trial counsel's performance did not fall below an objective standard of reasonableness. And even if McWhorter's counsel had performed deficiently, McWhorter has failed to demonstrate that he was prejudiced. Accordingly, the post-conviction court did not clearly err in denying McWhorter's petition for post-conviction relief.

Affirmed.

BRADFORD, J., and PYLE, J., concur.

9