## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jun 09 2016, 6:07 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Scott L. Barnhart
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Jodi Kathryn Stein
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Matthew McKinnon, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | June 9, 2016 <br><br> Court of Appeals Case No. <br> 71A04-1509-PC-1394 <br><br> Appeal from the St. Joseph <br> Superior Court <br><br> The Honorable John M. <br> Marnocha, Judge <br><br> Trial Court Cause No. <br> 71D02-1304-PC-9 |

**Altice, Judge.**

**Case Summary**

[1] Matthew McKinnon appeals from the denial of his petition for post-conviction relief (PCR petition). On appeal, he asserts that the post-conviction court erred in rejecting his claim of ineffective assistance of trial counsel.

[2] We affirm.

## Facts & Procedural History

[3] The facts underlying McKinnon's conviction were set forth by this court in an unpublished memorandum decision on direct appeal as follows: "On November 24, 2004, several witnesses saw McKinnon shoot Brian Pope, Jr. at a house on Corby Street in South Bend. Pope died as a result of the shooting." *McKinnon v. State*, 71A03-0602-CR-70, slip op. at 2 (Ind. Ct. App. July 27, 2006). The State charged McKinnon with murder on December 1, 2004, and a public defender was appointed to represent him.

[4] A three-day jury trial commenced on October 11, 2005. McKinnon's trial counsel elected not to give an opening statement. During the State's case-in-chief, two witnesses identified McKinnon as the shooter and a third witness testified that McKinnon told him while in jail together that he killed the victim. McKinnon's defense was comprised of testimony from one witness who claimed McKinnon was not present at the time of the shooting. McKinnon ultimately chose not to testify as to his whereabouts. During closing argument, McKinnon's trial counsel argued that the State's witnesses were lying, pointed out inconsistencies in the evidence, and relied on the testimony that McKinnon was not present. The jury found McKinnon guilty as charged. The trial court

subsequently entered judgment of conviction and sentenced him to fifty-seven years imprisonment. In a direct appeal to this court, McKinnon argued only that the trial court abused its discretion in denying his motion for mistrial. This court rejected McKinnon's argument and thereby affirmed his conviction and sentence.

[5] In July 2007 McKinnon filed a PCR petition, which was dismissed without prejudice in April 2009. On April 24, 2013, McKinnon filed a second PCR petition, which he amended on December 1, 2014. The PCR court held an evidentiary hearing on March 2, 2015, at which McKinnon's trial counsel testified.

[6] Evidence presented at the post-conviction hearing indicated that trial counsel met with McKinnon six times prior to trial. Trial counsel maintained that he reviewed discovery and discussed defense strategies with McKinnon. Trial counsel explained that although several witnesses identified McKinnon as the shooter, McKinnon insisted that he was not present at the time of the shooting. McKinnon claimed he was with family. As a result, trial counsel filed a belated notice of alibi on October 5, 2005, less than a week before his scheduled jury trial. In the notice, trial counsel named McKinnon's wife, his mother, and his stepfather as alibi witnesses. Trial counsel testified that he could not secure these witnesses and that he informed McKinnon of the difficulty he was encountering with respect to presenting an alibi defense. Trial counsel stated that he believed a claim of self-defense or sudden heat would have been more viable if McKinnon had been present at the time of the shooting. Trial counsel

testified that he explained the alternate defense theories to McKinnon, but McKinnon kept insisting that he was not present at the time of the shooting.

[7] In light of McKinnon's asserted alibi defense, the State filed a motion in limine requesting, in part, that McKinnon be precluded from eliciting the fact that the victim had a gun in his pocket at the time of the shooting. The trial court granted the State's motion in limine in this respect, but indicated that such evidence could become relevant depending on evidence produced and McKinnon's theory of defense at trial. The trial court specifically noted that such evidence could become relevant if McKinnon presented a claim of self-defense. Trial counsel testified that he did not ask the court to reconsider its ruling in this regard because the evidence was in conflict with the asserted defense.

[8] On August 20, 2015, the post-conviction court issued its findings of fact and conclusions of law denying McKinnon the relief requested. Additional facts will be provided where necessary.

## Discussion & Decision

[9] In a post-conviction proceeding, the petitioner bears the burden of establishing grounds for relief by a preponderance of the evidence. *Bethea v. State*, 983 N.E.2d 1134, 1138 (Ind. 2013). "When appealing the denial of post-conviction relief, the petitioner stands in the position of one appealing from a negative judgment." *Id*. (quoting *Fisher v. State*, 810 N.E.2d 674, 679 (Ind. 2004)). In order to prevail, the petitioner must demonstrate that the evidence as a whole

leads unerringly and unmistakably to a conclusion opposite the post-conviction court's conclusion. *Id*. Although we do not defer to a post-conviction court's legal conclusions, we will reverse its findings and judgment only upon a showing of clear error, i.e., "that which leaves us with a definite and firm conviction that a mistake has been made." *Id*. (quoting *Ben-Yisrayl v. State*, 729 N.E.2d 102, 106 (Ind. 2000)).

[10] A petitioner will prevail on a claim of ineffective assistance of counsel only upon a showing that counsel's performance fell below an objective standard of reasonableness and that the deficient performance prejudiced the petitioner. *Id*. at 1138. To satisfy the first element, the petitioner must demonstrate deficient performance, which is "representation that fell below an objective standard of reasonableness, committing errors so serious that the defendant did not have the 'counsel' guaranteed by the Sixth Amendment." *Id*. (quoting *McCary v. State*, 761 N.E.2d 389, 392 (Ind. 2002)).

[11] To satisfy the second element, the petitioner must show prejudice, which is "a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." *Id*. at 1139. "A reasonable probability is one that is sufficient to undermine confidence in the outcome." *Kubsch v. State*, 934 N.E.2d 1138, 1147 (Ind. 2010) (quoting *Strickland v. Washington*, 466 U.S. 668, 694 (1984)). Because a petitioner must prove both deficient performance and prejudice in order to prevail on a claim of ineffective assistance of counsel, the failure to prove either element defeats such a claim. *See Young v. State*, 746 N.E.2d 920, 927 (Ind. 2001) (holding that because the two elements of

*Strickland* are separate and independent inquiries, the court may dispose of the claim on the ground of lack of sufficient prejudice if it is easier).

[12] McKinnon argues that his trial counsel was ineffective for failing to adequately investigate and that such failure prevented him from presenting a "full-throated defense" to the jury. *Appellant's Brief* at 9. Specifically, he faults his trial counsel for meeting with him only six times prior to trial and failing to hire an investigator or take any depositions.

[13] The post-conviction court concluded that McKinnon presented "no evidence as to what [his trial counsel] should have done and how what he either did do or did not do on [McKinnon]'s behalf would likely have caused a different result at trial." *Appellant's Appendix* at 117. We agree with the post-conviction court.

[14] We have before held that "establishing failure to investigate as a ground for ineffective assistance of counsel requires going beyond the trial record to show what investigation, if undertaken, would have produced." *McKnight v. State*, 1 N.E.3d 193, 201 (Ind. Ct. App. 2013) (citing *Woods v. State*, 701 N.E.2d 1208, 1214 (Ind. 1998), *cert. denied* (1999)). "This is necessary because success on the prejudice prong of an ineffectiveness claim requires a showing of a reasonable probability of affecting the result." *Id*. (quoting *Woods*, 701 N.E.2d at 1214). Here, McKinnon merely alleged that his trial counsel was ineffective by failing to investigate. McKinnon did not indicate what further investigation would have produced. McKinnon has not established any prejudice resulting from counsel's performance. Moreover, as noted by this court on direct appeal, the

evidence supporting McKinnon's conviction was "overwhelming."[1] *McKinnon*, slip. op. at 8.

[15] Contrary to McKinnon's claim, this case is unlike *McCarty v. State*, 802 N.E.2d 959 (Ind. Ct. App. 2004). In *McCarty*, trial counsel met with his client only once. This court noted, "it seems obvious that evidence of only a single meeting between counsel and client in a multiple-felony case would alert a reviewing court to the possibility of inadequate representation." *Id*. at 964. Here, McKinnon's trial counsel met with McKinnon six times, discussed the evidence against him, and reviewed possible defense strategies. These circumstances are distinct from those in *McCarty* and do not immediately "alert" us that counsel provided deficient performance. McKinnon has not established that his counsel rendered deficient performance in this regard.

[16] McKinnon also argues that his trial counsel was ineffective when, after abandoning[2] the alibi defense at trial, he failed to assert a claim of self-defense or sudden heat.[3] Specifically, McKinnon argues that trial counsel should have requested reconsideration of the trial court's grant of the State's motion in limine, which precluded McKinnon from presenting evidence that the victim

---

[1] Two witnesses testified that McKinnon was the shooter and a third witness testified that while in jail with McKinnon, McKinnon admitted to shooting the victim.

[2] We note that the record does not support McKinnon's claim that trial counsel abandoned the alibi defense. The sole witness in his defense testified that he did not see McKinnon at the scene where the shooting occurred. During closing argument, counsel pointed out this evidence for the jury.

[3] The existence of circumstances demonstrating that a person who knowingly or intentionally kills another human being while acting under "sudden heat" commits voluntary manslaughter. *See* Ind. Code § 35-42-1-3.

had a handgun in his pocket when he was shot. McKinnon maintains that this evidence would have supported the alternate defenses.

[17] The post-conviction court concluded that trial counsel was not ineffective for not pursing a self-defense claim or a voluntary manslaughter defense. The post-conviction court noted that trial counsel's efforts to challenge the sufficiency of the evidence and to establish reasonable doubt were the best defenses he could present given McKinnon's insistence that he was not present at the time of the shooting.

[18] We find no error in the post-conviction court's conclusion in this regard. McKinnon acknowledges that his trial counsel discussed the difficulty of pursuing an alibi defense. During the post-conviction hearing, McKinnon's trial counsel testified that he also discussed with McKinnon the viability of presenting a claim of self-defense and/or mitigating factors in an effort to show that McKinnon acted in sudden heat. Trial counsel further testified that he was not going to force petitioner to pursue those defenses given that McKinnon was clearly asserting a different defense.[4]

[19] Trial counsel's decision to pursue only an alibi defense does not amount to deficient performance. By insisting that he was not present at the time of the shooting, McKinnon essentially stymied trial counsel's defense strategy.

---

[4] In its order, the trial court credited trial counsel's testimony and discounted McKinnon's testimony that alternate defense theories were never discussed.

McKinnon's insistence that he was not present provided no basis for a claim that he acted in self-defense or under sudden heat.

[20] In turn, counsel's performance was not deficient in failing to ask the trial court to reconsider its ruling on the admissibility of evidence regarding the presence of a handgun in the victim's pocket at the time of the shooting. Trial counsel testified that he made this decision because he believed McKinnon was going to testify as to his whereabouts. When McKinnon later chose not to testify, counsel believed it was too late to present evidence pertaining to self-defense or voluntary manslaughter. Trial counsel therefore proceeded by calling a witness who testified that McKinnon was not present when the victim was killed. McKinnon has not established that trial counsel's decision was unreasonable under the circumstances. *See Curtis v. State*, 905 N.E.2d 410, 414 (Ind. Ct. App. 2009) ("[c]ounsel is afforded considerable discretion in choosing strategy and tactics, and we will accord those decisions deference"), *trans. denied*.

[21] In summary, McKinnon has failed to establish that he received ineffective assistance of trial counsel.

[22] Judgment affirmed.

[23] Bailey, J. and Bradford, J., concur.