Floyd TEWELL, Appellant–Petitioner,

v.

STATE of Indiana, Appellee–
Respondent.

No. 48A02–0701–PC–118.

Court of Appeals of Indiana.

Nov. 5, 2007.

Floyd Tewell, Pendleton, IN, Appellant pro se.

Steve Carter, Attorney General of Indiana, Michael Gene Worden, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BAKER, Chief Judge.

Appellant-petitioner Floyd Tewell appeals from the denial of his petition for writ of habeas corpus, which the post-conviction court treated as a petition for post-conviction relief. Tewell argues that it was erroneous for the court to treat his petition as one seeking post-conviction relief and that the post-conviction court erroneously concluded that the Indiana Parole Board had not discharged Tewell from his life sentence. Finding no error, we affirm the judgment of the post-conviction court.

### FACTS

Our Supreme Court described the underlying facts in Tewell's direct appeal:

Evidence at trial revealed that one [P.K.], a respiratory therapist at Indiana University Hospital in Indianapolis, was abducted and raped on the afternoon of May 16, 1973. She was entering the gate to a parking lot behind Riley Hospital when two men stepped out from behind her. They approached her and one man held a switch blade knife to her

back. She was forced to go to her car and drive the two men to a deserted grass road near Waterway Boulevard at about 3:15 p.m. At a tree-surrounded area near this grass road the two men raped their captive at knifepoint. They then had her drive to the emergency room parking lot at General Hospital, the knife still held behind her. When the two men got out of the car, the victim drove off and returned to University Hospital. She reported the rape to her supervisor, who in turn notified the police. The victim identified the Appellant at trial as the man wielding the switchblade.

*Tewell v. State,* 264 Ind. 88, 90, 339 N.E.2d 792, 794 (1976). On February 21, 1974, Tewell was convicted of kidnapping and rape, and on March 12, 1974, the trial court sentenced Tewell to life imprisonment on the kidnapping conviction and to twenty years imprisonment on the rape conviction, to be served consecutively.

On August 10, 1989, the Parole Board "turned over" Tewell's life sentence to his twenty-year sentence. Appellant's App. p. 24, 84. On December 16, 1994, Tewell was granted parole on the twenty-year sentence. On April 9, 1998, Tewell was arrested for class C felony possession of cocaine, class A misdemeanor possession of marijuana, and class A misdemeanor resisting law enforcement. Ultimately, Tewell was convicted on two charges [1] and on October 6, 1998, the trial court sentenced him to twenty years imprisonment with five suspended for class A felony dealing in cocaine and eight years imprisonment for class C felony possession of cocaine, to be served concurrently.

Because of the new convictions, on October 23, 1998, the Parole Board revoked Tewell's parole, returning him to prison to serve out his life sentence. On October 5, 2006, Tewell filed a petition for writ of habeas corpus. On November 9, 2006, the post-conviction court granted the State's motion for summary disposition, treated the petition as one seeking post-conviction relief, and denied Tewell's requested relief. Tewell now appeals.

## DISCUSSION AND DECISION
### I. The Petition

■ Tewell first contends that the post-conviction court erred by treating his petition for writ of habeas corpus as a petition for post-conviction relief. The purpose of the writ of habeas corpus is to bring the person in custody before the court for inquiry into the cause of restraint, but the person in custody is entitled to habeas corpus only if he is entitled to an *immediate* release from unlawful custody. *Partlow v. Superintendent,* 756 N.E.2d 978, 980 (Ind.Ct.App.2001).

Here, Tewell's petition showed that he was sentenced to twenty years imprisonment with five years suspended in 1998. The petition did not state, and Tewell has never contended, that he has fully served that sentence. Consequently, even if the court were to have concluded that Tewell had been discharged from his life sentence, he would not have been entitled to a writ of habeas corpus, inasmuch as he was still serving the 1998 sentence. Under these circumstances, the post-conviction court did not err by treating Tewell's petition as one seeking post-conviction relief. *See id.* (holding that "if a petitioner erroneously captions his action as [a] petition for a writ

---

1. Although the State did not initially charge Tewell with dealing in cocaine, he was ultimately convicted of dealing in and possession of cocaine. The record does not reveal the precise nature of the underlying details, but we infer that at some point, the State amended the charging information to add a charge of dealing in cocaine.

of habeas corpus rather than post-conviction relief, courts will frequently and properly treat the petition as one for post-conviction relief, based on the content of the petition, rather than the caption").

## II.  Status of Tewell's Life Sentence

■ As we consider Tewell's argument that the post-conviction court erroneously concluded that the Parole Board did not discharge his life sentence, we observe that the petitioner in a post-conviction proceeding bears the burden of establishing grounds for relief by a preponderance of the evidence. Ind. Post–Conviction Rule 1(5); *McCarty v. State*, 802 N.E.2d 959, 962 (Ind.Ct.App.2004), *trans. denied.* When appealing from the denial of post-conviction relief, the petitioner stands in the position of one appealing from a negative judgment. *Id.* On review, we will not reverse the judgment unless the evidence as a whole unerringly and unmistakably leads to a conclusion opposite that reached by the post-conviction court. *Id.*

Tewell contends that when the Parole Board turned over his life sentence, it actually discharged the sentence. He directs our attention to *Meeker v. Indiana Parole Board*, in which a panel of this court concluded that under certain circumstances, when the Parole Board attempts to turn over a defendant's sentence, it effectively discharges the sentence. 794 N.E.2d 1105, 1109 (Ind.Ct.App.2004).

*Meeker*, however, is inapposite to this appeal. Whereas in *Meeker*, the sentences that were turned over were two concurrent twelve-year terms, here, the Parole Board turned over Tewell's life sentence. Indiana Code section 11–13–3–5(a)(3) provides that "[a] person released on parole from a term of life imprisonment remains on parole for life, except that the parole board may discharge him at any time *after his release on parole.*" (Emphasis added.) Tewell had not been released on parole for

his life sentence before the Parole Board turned it over; consequently, the Parole Board could not have discharged the sentence.

Furthermore, another panel of this court recently considered *Meeker* and concluded that the rule set forth therein provides that "only when there is no other evidence of the Parole Board's intent will the courts construe a vote to 'turn over' as a vote to discharge." *State v. Metcalf*, 852 N.E.2d 585, 589 (Ind.Ct.App.2006), *trans. denied.* In *Metcalf*, the Parole Board voted to turn over Metcalf's life sentence and included the following phrases on the relevant forms: "preserve life sentence" and "will go back on life sentence[.]" *Id.* at 586. Based on this language, the *Metcalf* court concluded that "the Parole Board established its intent not to discharge Metcalf from the originally-imposed life sentence." *Id.* at 590.

Here, the Parole Board did not include any language in the turn over order explicitly indicating its intent not to discharge Tewell's life sentence. Subsequent to the entry of that order, however, the record is replete with documents clearly establishing that the Parole Board neither intended to discharge the life sentence nor believed that it had done so. Specifically, after Tewell's life sentence was turned over, he remained in prison to serve the twenty-year sentence, and

> [d]uring that time, he was treated as having a life sentence. Exhibit 2 shows two projected release dates ..., one of "life" and one corresponding to the 20–year determinate term. On July 22, 1994, Tewell was denied parole release on the 20–year sentence. The report of the Hearing Officer for the Board states that Tewell "will be on parole on life sentence." That Hearing Officer was Patricia Ravinet, who was on the Board

when it voted to grant Tewell the "turn over." ...

Tewell was arrested on April 9, 1998.... This was reported to the Parole Board as reasons to revoke parole. Both on the parole violation documents and while Tewell was in the custody of the Department of Correction pending resolution of his new criminal charges, the Department continued to show that he was serving a life sentence.

\* \* \*

... The Community Investigation conducted in October 1994 shows that the parole agents advised that as of that time (five years after the "turn over") Tewell was "serving a life sentence for Kidnapping with a 20 year sentence held in abeyance for Rape while Armed." The Arrest Report and other parole revocation documents show at least a life sentence as the maximum or minimum sentence, along with showing the maximum on the 20–year term.

Appellant's App. p. 13, 16 (internal citations and footnote omitted). We find that this evidence clearly establishes the Parole Board's intent not to discharge Tewell from his life sentence. Consequently, the post-conviction court did not err by denying Tewell's petition for post-conviction relief.[2]

The judgment of the post-conviction court is affirmed.

BAILEY, J., and VAIDIK, J., concur.

---

**2.** As a final aside, we note that even if the court should have considered Tewell's petition as one seeking a writ of habeas corpus, he would not have been entitled to the relief he seeks. *See Benford v. Marvel,* 842 N.E.2d 826, 828 (Ind.Ct.App.2006) (noting that we review the denial of a petition for writ of habeas corpus only for an abuse of discretion, without reweigh the evidence and considering only the evidence most favorable to the judgment and the reasonable inferences that may be drawn therefrom). Based on this record, we do not find that the court abused its discretion by denying the petition.