Kenneth BALDI, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 46A03–0807–CV–365.

Court of Appeals of Indiana.

June 29, 2009.

Rehearing Denied Sept. 25, 2009.

Kenneth Baldi, Westville, IN, appellant pro se.

Gregory F. Zoeller, Attorney General of Indiana, Karl M. Scharnberg, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BAKER, Chief Judge.

Appellant-defendant Kenneth Baldi appeals the trial court's denial of his petition for habeas corpus relief. Specifically, Baldi argues that the trial court erroneously

concluded that the Indiana Parole Board (Parole Board) had not "turned over" the sentence that was imposed for Aggravated Battery,[1] a class B felony. Baldi claims that the Parole Board discharged him from that sentence and, as a result, the trial court should have granted his motion for a writ of habeas corpus. Concluding that Baldi has failed to demonstrate any entitlement to relief, we affirm the judgment of the trial court.

### FACTS

On September 30, 1993, Baldi was sentenced to eighteen years following his conviction for aggravated battery under cause number 02D04–9208–CF–390 (CF–390 charge). Baldi was released to parole on March 3, 2002. Thereafter, on September 10, 2002, Baldi was convicted of operating a vehicle while intoxicated under cause number 02D04–0207–CM–5067 (CM–5067 charge) and was sentenced to sixty days in the Allen County Jail with fifty days suspended. Thereafter, on March 21, 2003, the trial court revoked the suspended portion of Baldi's sentence on this charge, and he served the remainder of the term in jail.

On April 14, 2003, Baldi was convicted of operating a vehicle while intoxicated, a class D felony, under cause number 02C01–0301–FD–25 (FD–25 charge), and was sentenced to three years with two and one-half years suspended to probation. Baldi was ordered to serve the sentence in the FD–25 charge consecutively to the CF–390 charge.

On May 29, 2003, the trial court revoked Baldi's parole on the CF–390 charge and Baldi was returned to the Indiana Department of Correction (DOC). On December 3, 2004, the trial court reinstated Baldi's parole on the CF–390 charge.

On April 1, 2005, the State filed a petition to revoke Baldi's probation with regard to the FD–25 charge. Thereafter, on April 21, 2005, Baldi was released to probation on that charge, and on May 24, 2005, Baldi was declared delinquent from his parole on the CF–390 charge.

On June 13, 2005, another verified petition for revocation of probation was filed in the FD–25 charge. On August 8, 2005, the sentence on that charge was modified to an executed term of two and one-half years. Sixteen days later, on August 24, 2005, Baldi was returned to the DOC to serve the remainder of his term on the CF–390 charge. However, he was again released to parole on September 28, 2006.

On or about February 9, 2007, Baldi was charged with battery, a class C felony, under cause number 02D04–0702–FC–37 (FC–37 charge). He was subsequently convicted of that charge and sentenced to an executed term of six years of incarceration. Baldi was ordered to serve this sentence consecutively to the sentence that was imposed on the CF–390 charge.

On June 9, 2008, Baldi petitioned for a writ of habeas corpus, arguing that he was entitled to be released from the DOC. Baldi alleged that

3. On 12–3–04, petitioner should have been discharged from [the CF–390 charge] and turned over to [the FD–25 charge]. Petitioner had to be discharged from [the CF–390 charge] in order for a revocation of probation to have occurred on 6–13–05. Petitioner bases this illegality on the fact that the parole board could not effectively suspend parole on one sentence until after serving the sentence on the other unrelated convictions. *Meeker v. Indiana*

---

1. Ind.Code § 35–42–2–1.5.

*Parole Board,* 794 N.E.2d 1105 [ (Ind.Ct.App.2001) ].

Appellant's App. p. C–1.

On June 25, 2008, the trial court summarily denied Baldi's request for relief, concluding that he was not entitled to immediate release because "[Baldi] is currently serving time [on the FC–37 charge]." *Id.* at D–1. Baldi now appeals.

## DISCUSSION AND DECISION

■ In addressing Baldi's contention that the trial court should have granted his motion for writ of habeas corpus, we initially observe that Indiana Code section 34–25.5–1–1 provides that "[e]very person whose liberty is restrained, under any pretense whatever, may prosecute a writ of habeas corpus to inquire into the cause of the restraint, and shall be delivered from the restraint if the restraint is illegal." "The purpose of the writ of habeas corpus is to bring the person in custody before the court for inquiry into the cause of restraint." *O'Leary v. Smith,* 219 Ind. 111, 113, 37 N.E.2d 60, 60 (1941). A petitioner is entitled to habeas corpus relief only if he is entitled to immediate release from unlawful custody. *Young v. Duckworth,* 274 Ind. 59, 61, 408 N.E.2d 1253, 1254 (1980).

We note that Baldi is not claiming that he was entitled to immediate release from incarceration. Rather, Baldi is implying that he was entitled to a reduction of the total amount of his sentence. In other words, Baldi is apparently alleging that the Parole Board necessarily discharged him from the CF–390 charge in December 2004 when his parole was reinstated because of the trial court's subsequent revocation of his probation on the FD–25 charge in June 2005. As a result, Baldi asserts that he began serving his sentence on the FD–25 charge on August 24, 2005. Because Baldi is not alleging that he is

entitled to immediate release, we will treat his petition for a writ of habeas corpus as a request for post-conviction relief. Indeed, this court has recognized that even if a petitioner erroneously captions his action as a petition for a writ of habeas corpus rather than post-conviction relief, courts will frequently and properly treat the petition as one for post-conviction relief, based on the content of the petition. *Tewell v. State,* 876 N.E.2d 337, 338–39 (Ind.Ct.App. 2007), *trans. granted* (adopting the Court of Appeals decision at 878 N.E.2d 1250 (Ind.2008)).

■ As we consider Baldi's claim, we note that the petitioner in a post-conviction proceeding bears the burden of establishing grounds for relief by a preponderance of the evidence. Ind. Post–Conviction rule 1(5); *McCarty v. State,* 802 N.E.2d 959, 962 (Ind.Ct.App.2004). When appealing from the denial of post-conviction relief, the petitioner stands in the position of one appealing from a negative judgment. *McCarty,* 802 N.E.2d at 962. On review, we will not reverse the judgment unless the evidence as a whole unerringly and unmistakably leads to a conclusion opposite that reached by the post-conviction court. *Id.*

Baldi's claim for relief is premised on this court's decision in *Meeker v. Parole Board,* where the defendant was ordered to serve two concurrent sentences for drug dealing in 1991. 794 N.E.2d at 1106. In 1995, Meeker was released on parole. Approximately one year later, Meeker's parole was revoked after he was convicted of several alcohol-related offenses, and was ordered to serve the balance of the two sentences for drug dealing. In 1998, the Parole Board decided Meeker should be "turned over to another commitment" to serve the sentences on the alcohol related offenses. *Id.* at 1107. In 2000, Meeker was released on parole again. The 1991 con-

victions were used as the basis of the parole. In 2001, the Parole Board again revoked Meeker's parole and reinstated the remaining sentences on the 1991 dealing convictions.

Meeker appealed, and this court determined that the Parole Board's "turn over" amounted to a discharge from his dealing sentence and that Meeker could not again be required to serve the remainder of that sentence at a later time. *Id.* at 1108–09. Specifically, we observed that

> When the parole board "turned over" Meeker to begin serving the alcohol related sentences, it effectively discharged him from the remainder of the dealing convictions. There is no statutory authority or case law definition of "turn over" and we conclude that we must construe the phrase against the State. During the 1998 review, the parole board could have refused to "turn over" Meeker's sentence, as it had done in 1997, until he served the remainder of his fixed term. The parole board did not do so, and the State provides no support for its contention that Meeker could again be required to serve the remainder of his dealing sentence at some later date.

*Id.* at 1109.

Notwithstanding this pronouncement, we note that subsequent cases have distinguished *Meeker* and have significantly limited its reach. *See Pallett v. State*, 901 N.E.2d 611, 614 (Ind.Ct.App.2009) (holding that *Meeker* did not apply because the Parole Board did not use the term "turn over" and did not evidence any intent to discharge him from his life sentence); *Hart v. State*, 889 N.E.2d 1266, 1271 (Ind. Ct.App.2008) (distinguishing the holding in *Meeker*, as the defendant had "blur[red] the distinction between parole and probation"); *Tewell*, 876 N.E.2d at 339 (rejecting the holding in *Meeker* when

the evidence showed that the defendant's sentence could not have been discharged, as he had not been released on parole for a life sentence *before* the Parole Board "turned it over") (emphasis added); *State v. Metcalf*, 852 N.E.2d 585, 589 (Ind.Ct. App.2006) (observing that only when there is no other evidence of the Parole Board's intent will the courts construe a vote to "turn over" as a vote to discharge); *Mills v. State*, 840 N.E.2d 354, 358 (Ind.Ct.App. 2006) (determining that the holding in *Meeker* was inapplicable because the defendant presented no evidence that the parole board took action to discharge or "turn over" a burglary sentence); *Hannis v. Deuth*, 816 N.E.2d 872, 879 (Ind.Ct. App.2004) (observing that the rationale in *Meeker* did not apply because "we are dealing with consecutive sentences imposed under *one* judgment") (emphasis added).

■ In this case, Baldi has not presented any evidence demonstrating that the Parole Board ever used the term "turn over" at any point or that it expressed any intention to effect a discharge of the sentence that was imposed on the CF–390 charge. Nonetheless, Baldi directs us to the trial court's entry showing that he was simultaneously on parole in the CF–390 charge and on probation in the FD–25 charge as of December 3, 2004. As a result, Baldi is apparently arguing that he could not have violated his probation until he had been "turned over" to begin serving his sentence on the FD–25 charge. *See* Appellant's Br. at 14.

Notwithstanding this contention, we have determined that a defendant's probationary period begins from the date of his sentencing and a violation of the terms of his probation may occur even though he has not yet begun serving his sentence, let alone his probation. *Baker v. State*, 894 N.E.2d 594, 598 (Ind.Ct.App.2008). Be-

cause a defendant's probation can be revoked at any point after sentencing, the fact that Baldi's probation on the FD–25 charge has been revoked, without more, does not establish that he ever started serving his sentence in that cause. In short, Baldi has failed to present any evidence in support of his contention that the Parole Board "turned over" the sentence on the CF–390 charge. And even though Baldi may have violated the terms of his probation on the FD–25 charge, that fact is not sufficient to support his contention. As a result, we conclude that the trial court properly denied Baldi's request for relief.

The judgment of the trial court is affirmed.

MAY, J., and BARNES, J., concur.