**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



APPELLANT PRO SE:

**ALVINO PIZANO**
New Castle, Indiana

ATTORNEYS FOR APPELLEES:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ELIZABETH ROGERS**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ALVINO PIZANO, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 33A01-1302-MI-65 |
| | ) | |
| GREGORY F. ZOELLER, et al., | ) | |
| | ) | |
| Appellees-Respondents. | ) | |

APPEAL FROM THE HENRY CIRCUIT COURT
The Honorable Kit C. Dean Crane, Judge
Cause No. 33C02-1211-MI-138

**May 31, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**NAJAM, Judge**

**STATEMENT OF THE CASE**

Alvino Pizano appeals the court's denial of his petition for post-conviction relief when it granted the State's[1] motion for summary disposition of his petition for habeas corpus relief. Pizano presents a single issue for review, namely, whether the Indiana Department of Correction ("DOC") wrongly withheld educational credit time he allegedly earned under Indiana Code Section 35-50-6-3.3. We consider a single dispositive issue sua sponte: whether the post-conviction erred when it denied his petition by summary disposition.

We reverse and remand.

**FACTS AND PROCEDURAL HISTORY**

The relevant facts are set out in the Findings, Conclusions, and Order entered by the court on Pizano's petition for habeas corpus relief:

2.      Pizano was sentenced on April 27, 2007, to ten years for his child molesting conviction.

3.      On May 26, 2010, Pizano received 308 days of credit time for the completion of his associate's degree.

4.      Pizano was released to parole on May 26, 2010.

5.      A parole violation warrant was served on Pizano on April 17, 2012.

6.      Pizano was returned to the Department of Correction on May 29, 2012.

7.      According to Pizano's petition, he completed the requirements of his bachelor's degree[, namely, the course Math 125,] and graduated on July 21, 2012.

---

[1]   Respondents are listed in the motion for summary disposition as Attorney General Greg Zoeller, Bruce Lemmon, John Nally, and Keith Butts (collectively "the State"), but the parties do not define the capacities of the last three individuals.

8. Indiana Code § 35-50-6-3.3(a) states:
(a) In addition to any credit time a person earns under subsection (b) or (section 3 of this chapter), a person earns credit time if the person:
(1) is in credit Class I;
(2) has demonstrated a pattern consistent with rehabilitation; and
(3) successfully completes requirements to obtain one (1) of the following:

* * *

(D) A bachelor's degree from an approved postsecondary educational institution (as defined under [Indiana Code Section] 21-7-13-6(a)).

9. Pizano was confined within the DOC for approximately 53 days prior to graduating with his bachelor's degree.

10. The only way to complete his quizzes and final examination while confined is to call collect to Ball State University.

11. In order to verify how Pizano completed his courses, the DOC contacted Ball State University.

12. Ball State University will not release any information without a release from Pizano.

13. DOC drafted a release for Pizano's review and signature.

14. Pizano refused to sign the release.

15. It is reasonable for the DOC to request additional information to verify that an individual has completed all coursework for a bachelor's degree when only confined within the DOC for 53 days.

16. The Court will not award Pizano credit time for the completion of his bachelor's degree when it is unclear whether he successfully completed the course requirements while confined in the Department of Correction.

Appellant's App. at 49-51. The court treated Pizano's petition for habeas relief as a petition for post-conviction relief. Based on these findings entered in response to the

3

State's motion for summary disposition, the post-conviction court denied Pizano's request for habeas relief without a hearing. Pizano now appeals.

## DISCUSSION AND DECISION

"Every person whose liberty is restrained, under any pretense whatever, may prosecute a writ of habeas corpus to inquire into the cause of the restraint, and shall be delivered from the restraint if the restraint is illegal." Ind. Code § 34-25.5-1-1. The purpose of a writ of habeas corpus is to determine the lawfulness of the defendant's detention. Hardley v. State, 893 N.E.2d 740, 742 (Ind. Ct. App. 2008). A trial court must provide a writ of habeas corpus if a petitioner is unlawfully incarcerated and entitled to immediate release. Id.

A judgment that is illegal on its face may be challenged by means of a petition for writ of habeas corpus, but if a judgment is void for a reason not apparent on the face of the record, the issue must be raised on direct appeal. Taylor v. Finnan, 955 N.E.2d 785, 789 (Ind. Ct. App. 2011) (citation omitted), trans. denied. If the issue was not known or available on direct appeal, it may be raised in a petition for post-conviction relief. Id. (citation omitted). The rules providing for post-conviction relief do not "suspend the writ of habeas corpus, but if a person applies for a writ of habeas corpus in the county where the person is incarcerated and challenges the validity of his conviction or sentence, that court shall transfer the cause to the court in which the conviction took place, and the latter court shall treat it as a petition for relief under this Rule." Ind. Post-Conviction Rule 1(1)(c).

4

Here, Pizano does not challenge the legality of his sentence on the face of the record, nor could his claim regarding educational credit have been raised on direct appeal. As such, his petition for habeas corpus relief is properly treated as a petition for post-conviction relief. See P-C.R. 1(1)(c); Taylor, 955 N.E.2d at 789. The petitioner in a post-conviction proceeding bears the burden of establishing grounds for relief by a preponderance of the evidence. P-C.R. 1(5); Baldi v. State, 908 N.E.2d 639, 641 (Ind. Ct. App. 2009) (citation omitted). When appealing from the denial of post-conviction relief, the petitioner stands in the position of one appealing from a negative judgment. Id. On review, we will not reverse the judgment unless the evidence as a whole unerringly and unmistakably leads to a conclusion opposite that reached by the post-conviction court. Id.

Pizano contends that his continued incarceration is illegal after the application of credit time he claims to have earned under Indiana Code Section 35-50-6-3.3. That statute provides in relevant part:

> In addition to any credit time a person earns under subsection (b) or section 3 of this chapter, a person earns credit time if the person:
>
> (1)   is in credit Class I;
>
> (2)   has demonstrated a pattern consistent with rehabilitation; and
>
> (3)   successfully completes requirements to obtain one (1) of the following:
>
> * * *
>
> (D) A bachelor's degree from an approved institution of higher learning (as defined under IC 20-12-21-3).

5

Ind. Code § 35-50-6-3.3(a). Pizano was most recently incarcerated on May 29, 2012, following a parole violation. He asserts that he obtained a bachelor's degree from Ball State University on July 21, only fifty-three days later. To show that he had successfully completed a bachelor's degree, he submitted a letter from C. Ted Ward II, Director of the Correctional Education Program at Ball State, which states: "This is to certify that Alvino Pizano (DOC# 124897) completed all of the requirements for the Bachelor of General Studies on 7/21/12." Appellant's App. at 27. Pizano also attached his Ball State transcripts, which show that he completed the course Math 125 in the spring semester of the 2011-2012 school year, but he offered no evidence pertaining to telephone calls made to the university.

In response to Pizano's request for educational credit time under Section 35-50-6-3.3(a), the DOC asked Ball State personnel to confirm the details of Pizano's Ball State coursework. Ball State required a release from Pizano before releasing any information. When the DOC prepared a release, Pizano refused to execute it.

The post-conviction court summarily denied Pizano's petition for relief based on the following: the short period of Pizano's incarceration prior to the date he obtained his degree, the fact that he would have had to call the university collect from prison to complete quizzes and a final exam for Math 125, and the fact that Pizano refused to execute a release to allow the DOC to confirm how and when he had completed his coursework. But these factors show the existence of a genuine issue of material fact regarding when and how Pizano completed the coursework to earn his bachelor's degree. Summary disposition is improper where there is a genuine issue of material fact. P-C.R.

6

1(4)(g) ("The court may grant a motion by either party for summary disposition of the petition when it appears from the pleadings, depositions, answers to interrogatories, admission, stipulations of fact, and any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.") Thus, the post-conviction court erred when it granted the State's motion for summary disposition in this case in light of the genuine issue of material fact regarding both how and when Pizano completed the coursework for his degree.

We conclude that the post-conviction court erred when it granted the State's motion for summary disposition of Pizano's petition for habeas relief. Because there exists a genuine issue of material fact as to whether Pizano has met his burden to show that he had earned a bachelor's degree during his period of incarceration, he is entitled to a hearing on his petition.[2] As such, we reverse and remand for further proceedings consistent with this decision.

Reversed and remanded.

BAILEY, J., and BARNES, J., concur.

---

[2] We express no opinion whether the record before us demonstrates evidence sufficient to support Pizano's contention that he is entitled to educational time credit under Indiana Code Section 35-50-6-3.3(a).