

FILED
Nov 28 2017, 5:47 am
CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Bennie Hale
New Castle, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Abigail R. Recker
Deputy Attorney General
Indianapolis, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Bennie Hale, <br> *Appellant-Petitioner,* <br><br> v. <br><br> Keith Butts, <br> *Appellee-Respondent.* | November 28, 2017 <br><br> Court of Appeals Case No. <br> 33A04-1705-MI-1067 <br><br> Appeal from the Henry Circuit Court <br><br> The Honorable Kit C. Dean Crane, Judge <br><br> Trial Court Cause No. <br> 33C02-1702-MI-9 |

**Bailey, Judge.**

# Case Summary

[1] Bennie Hale ("Hale") appeals, *pro se*, the denial of his petition for a writ of *habeas corpus*. We affirm.

# Issues

[2] Hale raises four issues on appeal, which we consolidate and restate as follows:

> I. Whether the trial court erroneously treated his petition for a writ of *habeas corpus* as one for post-conviction relief.

> II. Whether the trial court erred in denying his petition for a writ of *habeas corpus*.

# Facts and Procedural History

[3] On May 11, 2010, Hale was sentenced to twelve years in the Indiana Department of Correction ("DOC") for his convictions of unlawful possession of a firearm by a serious violent felon, a Class B felony,[1] and criminal confinement, as a Class B felony.[2] On November 14, 2014, Hale signed a Conditional Parole Release Agreement in which he agreed, among other things, not to "engage in conduct prohibited by federal or state law or local ordinance." State's App. at 42. On November 27, Indiana released Hale on parole. That

---

[1] Ind. Code § 35-47-4-5 (2010).

[2] I.C. § 35-42-3-3 (2010).

same day, authorities from Hillsborough County, Florida, "picked up" Hale for an outstanding warrant in Florida. *Id*. at 24. A Florida court subsequently found Hale guilty of grand theft, a second degree felony.[3] On January 5, 2015, the Florida court resolved Hale's grand theft case by an order to pay court costs, with time served. The court released Hale on his own recognizance, and he remained in Florida.

[4] On January 26, April 2, and September 3, 2015, Indiana submitted to Florida Interstate Compact Offender Tracking System ("ICOTS") requests to transfer Hale back to Indiana, but Florida denied those requests. On September 3, 2015, Indiana parole authorities directed Hale to return to Indiana and report to them for a meeting on September 28. However, on September 9, police in Hillsborough County, Florida, once again arrested Hale, this time for possession of a firearm by a felon, a second degree felony.[4] On that same date, the Indiana Division of Parole Services reported to the Indiana Parole Board that Hale had violated the terms of his parole by engaging in criminal conduct in Florida, and Indiana issued a "warrant for retaking offender" due to alleged parole violation. State's App. at 24-26. On November 17, 2015, Indiana submitted to Florida a "Warrant of Rendition for the return of Bennie Hale to the State of Indiana" and accompanying documentation. *Id*. at 14.

---

[3] Fla. Stat. Ann. § 812.014 (West 2014).

[4] Fla. Stat. Ann. § 790.23 (West 2015).

[5] Hale was convicted of the charges in Florida, and, on December 1, 2015, a Florida court sentenced Hale to one year and six months in the Florida Department of Correction. On December 17, 2016, Hale completed his Florida sentence and was released. That same day, Indiana authorities detained Hale in Florida and returned him to Indiana. On January 12, 2017, the Indiana Parole Board held a revocation hearing, and Hale admitted to violating his parole by committing a crime. The parole board revoked Hale's parole and ordered him to serve the remainder of his sentence for his 2010 Indiana convictions.

[6] On February 14, 2017, Hale filed in the Henry County Circuit Court a petition for a writ of *habeas corpus*, alleging that he was being illegally detained in that Indiana had "relinquished custody" of him to the State of Florida on November 27, 2014. State's App. at 5. The State filed a motion for summary disposition on March 16 and, on March 20, the trial court denied Hale's petition and granted the State's motion. In doing so, the trial court entered the following findings:

> 1. The Court construes Hale's petition as a petition for post-conviction relief. *Hardley v. State*, 893 N.E.2d 740, 743 (Ind. Ct. App. 2008) (explaining that a challenge to the revocation of parole is a petition for post-conviction relief).
>
> 2. An action for post-conviction relief may be decided by summary disposition on the pleadings. Rule 1, §§ 4(1) and 4(g), Indiana Rules of Procedure for Post-Conviction Remedies; *Diaz v. State*, 753 N.E.2d 724, 727 (Ind. Ct. App. 2001).

3. Petitioner is challenging the revocation of his parole because he alleges that his parole was discharged upon his release to Florida's authorities.

4. Petitioner was released onto parole on November 27, 2014 and signed a parole release agreement indicating his acknowledgment of the terms of that parole. Petitioner committed a violation of that parole on September 9, 2015 when he was arrested by Florida authorities for possession of a firearm, less than twenty-four months later. Ind. Code § 35-50-6-1(a).

5. The Parole Board did not discharge or "turn over" Petitioner's parole obligation and he was still on parole when he committed a violation of parole. *Baldi v. State*, 908 N.E.2d 639, 642 (Ind. Ct. App. 2009) (holding that because there was no evidence that the Parole Board ever used the term "turn over" or expressed an intent to discharge the sentence, the sentence was not discharged); *Pallett v. State*, 901 N.E.2d 611, 614 (Ind. Ct. App. 2009) (finding that *Meeker* did not apply because the Parole Board did not use the term "turn over" and did not show an intent to discharge the sentence), *trans. denied*.

6. Petitioner is not entitled to credit time from September 9, 2015 until the present because his period of parole was tolled from the date of the warrant until the revocation of his parole on January 12, 2017. Ind. Code § 11-13-3-8(g).

7. Accordingly, Petitioner is not entitled to immediate release and his parole was properly revoked because he was still on parole when he committed a crime in Florida. There was never a discharge, either by operation of law or by action of the Indiana Parole Board[,] and his revocation of parole was proper.

State's App. at 2-3. This appeal ensued.

# Discussion and Decision

## Classification of Petition

[7] As an initial matter, the parties note that the trial court treated Hale's petition for a writ of *habeas corpus* as one for post-conviction relief and, pursuant to Indiana Post-Conviction Rule 1(4), granted the State's motion for summary disposition. As the parties agree, the trial court erred in treating the petition as one for post-conviction relief. Hale's petition maintained that he is entitled to immediate release from prison; it did not challenge the validity of his original convictions or sentence. Therefore, Hale properly captioned his claim as one for a writ of *habeas corpus*. I.C. § 34-25.5-1-1; *Partlow v. Superintendent, Miami Correctional Facility*, 756 N.E.2d 978, 981 (Ind. Ct. App. 2001), *superseded by statute on unrelated issue as stated in Paul v. State*, 888 N.E.2d 818, 826 (Ind. Ct. App. 2008), *trans. denied*) (holding that a petition is properly filed as one for a writ of *habeas corpus* where the petitioner asserts that he is being unlawfully restrained past the expiration of his sentence and therefore deserves immediate discharge); *cf. Martin v. State*, 901 N.E.2d 645, 647 (Ind. Ct. App. 2009) (noting a petitioner must file a petition for post-conviction relief, rather than a petition for a writ of *habeas corpus*, when he attacks the validity of his conviction or sentence and/or does not allege that he is entitled to immediate discharge).

[8] However, we need not decide whether the trial court's summary disposition of this case per the rules of post-conviction relief was proper as Hale has requested that we decide the merits of this case. *See, e.g.*, *Hobbs v. Butts*, 83 N.E.3d 1246,

2017 WL 3758440, at \*2-3 (Ind. Ct. App. August 31, 2017) (citing *Partlow*, 756 N.E.2d at 982). Therefore, we proceed to the merits, notwithstanding the trial court's erroneous classification of the petition as one for post-conviction relief. *Id.*

## Denial of the Petition for a Writ of *Habeas Corpus*

### *Standard of Review*

[9] The parties do not dispute the facts on appeal; rather, they disagree as to whether those facts culminated in a discharge or expiration of Hale's sentence. Since the issues on appeal are pure questions of law that do not require reference to extrinsic evidence, inferences drawn from that evidence, or consideration of credibility issues, we review them de novo. *Hobbs*, 2017 WL 3758440, at \*3.

### *Continuation of Parole*

[10] Before he was released from prison in Indiana, Hale signed a Conditional Parole Release Agreement under which he agreed that he was released on parole, pursuant to state law. Indiana law provides that, "when a person imprisoned for a felony completes the person's fixed term of imprisonment, less the credit time the person has earned with respect to that term, the person shall be: (1) released on parole for not more than twenty-four (24) months, as determined by the board." I.C. § 35-50-6(a)(1). A person serving on parole remains on parole

until the person's fixed term expires, unless the person's parole is revoked or the person is discharged from that term by the parole board. In any event, if the person's parole is not revoked, the parole board shall discharge the person after the period set under subsection (a) or the expiration of the person's fixed term, whichever is shorter.

I.C. § 35-50-6-1(b). Here, Hale was released on parole on November 27, 2014. The date of his maximum expiration of sentence was December 13, 2021. Thus, Hale was to serve a full twenty-four months on parole, which made his discharge date for parole November 27, 2016.

[11] Yet, Hale contends that he must be released from prison immediately because the State discharged his parole on November 27, 2014, when it "turned him over" to Florida authorities to face different charges in Florida. Appellant's Br. at 9. We have previously held many times that a parolee remains on parole unless the parolee presents evidence that the parole board explicitly used the phrase "turn over" to eliminate a parole obligation or otherwise evinced an intent to effect a discharge of the parolee's sentence. *See, e.g.*, *Baldi v. State*, 908 N.E.2d 639, 642 (Ind. Ct. App. 2009), and cases cited therein; *see also Hobbs*, 2017 WL 3758440, at *4. Here, the Indiana Parole Board never stated any intention to discharge Hale from his sentence, nor did it ever use the phrase "turn over" in any documents related to Hale.[5] Rather, Hale's parole

---

[5] Thus, this case is distinguishable from *Meeker v. Ind. Parole Bd.*, 794 N.E.2d 1105 (Ind. Ct. App. 2003), *trans. denied*, cited by Hale. In *Meeker*, there was evidence that the parole board explicitly stated that it "turned over" Meeker, who was on parole for dealing convictions, to serve a sentence on an unrelated conviction. *Id.* at 1109. Given that explicit language, the court held that the parole board had "effectively discharged"

agreement quite clearly stated that he was being released on parole, not discharged from his sentence. Moreover, on three separate occasions, the State of Indiana requested that Hale be returned from Florida; this is further evidence that Hale was still under Indiana supervision per his parole agreement.

[12] Furthermore, the State does not lose jurisdiction over a parolee, as Hale seems to claim, whenever it allows the parolee to be removed to another state to serve a different sentence. As noted above, Hale was still on parole in Indiana when he was removed to and incarcerated in Florida, and the Indiana Parole Board had jurisdiction over Hale until his Indiana parole was discharged or revoked or his fixed term of imprisonment expired. *See, e.g.*, *Mills v. State*, 840 N.E.2d 354, 359-60 (Ind. Ct. App. 2006) (citing I.C. § 35-50-6-1). And a transfer of a parolee to another state pursuant to the Interstate Compact[6] is not a transfer of jurisdiction to that State. *Johnson v. State*, 957 N.E.2d 660, 664 (Ind. Ct. App. 2011). Rather, the State retains both subject matter and personal jurisdiction over the parolee during the period of parole. *Id*. at 665 (noting that, even where a state fails to strictly comply with terms of the Interstate Compact, that does not deprive the state of jurisdiction to revoke probation[7]).

---

Meeker from his sentence for the dealing convictions. *Id*. Here, there is no evidence of such explicit language or intent to discharge Hale from his sentence for his Indiana crimes.

[6] *See* I.C. § 11-13-4-1; I.C. § 11-13-4.5-1.

[7] The Interstate Compact applies to parolees as well as probationers. I.C. § 11-13-4-1; I.C. § 11-13-4.5-1.

[13]     Hale was still on parole in Indiana at the time he committed a new crime in Florida; i.e., September 9, 2015.  As he admitted at his parole revocation hearing, he violated the terms of his parole when he committed the new crime.  Because Hale's parole was not discharged and the State still had jurisdiction over him at the time he violated his parole, his custody in the DOC is not unlawful, and the trial court did not err in holding that he was not entitled to immediate release.[8]

### *Credit Time*

[14]     Hale contends that, even if he was on parole at the time he committed a new crime, he still must be immediately released from prison because his discharge date for parole—November 27, 2016—has passed, and/or he earned enough "credit time" while incarcerated in Florida that his prison term in Indiana has expired by now.  We address each of these contentions in turn.

[15]     First, Hale's parole term for his Indiana crimes did not continue to run after Indiana issued an arrest warrant for his alleged parole violation.  Indiana Code Section 11-13-3-8(c) provides that the parole board may issue a warrant for a parolee's arrest upon a showing of probable cause that the parolee violated the terms of his parole.  Subsection (g) provides:

---

[8]  Hale also asserts on appeal that the warrant for his return to Indiana was invalid.  However, because he did not raise that argument below, he waives it on appeal.  *Washington v. State*, 808 N.E.2d 617, 625 (Ind. 2004).  Waiver notwithstanding, the warrant was clearly valid in that it was based on his admitted violation of a term of parole, i.e., committing a crime.

The issuance of an order to appear or arrest warrant under this section *tolls the period of parole until the parole board's final determination of the charge*. However, the tolled period shall be restored if there is a finding of no violation, if a finding of a violation is later overturned, or if the parole violation charge is dismissed.

I.C. § 11-13-3-8(g) (emphasis added). Given the plain language of this statute, Hale's parole period was tolled starting on September 9, 2015, the date Indiana issued a warrant for his arrest due to his alleged parole violation. Therefore, Hale's parole period did not expire.

[16] Second, to the extent Hale contends that he was entitled to credit on his Indiana sentence for time he was incarcerated in Florida on an unrelated charge, he is incorrect. Indiana inmates may earn time off their sentences (i.e., "good time credit" or "credit time") for each day they are imprisoned and have good behavior. I.C. § 35-50-6-3. However, a defendant is not "entitled to credit on his Indiana sentence while he is incarcerated in another jurisdiction for a totally different offense." *Perry v. State*, 921 N.E.2d 525, 527 (Ind. Ct. App. 2010) (citing *Carrion v. State*, 619 N.E.2d 972, 973 (Ind. Ct. App. 1993), *trans. denied*).

[17] In short, Hale was not entitled to credit for the time he was incarcerated in Florida. The trial court did not err in denying his petition for a writ of *habeas corpus* on that basis.

# Conclusion

[18] Hale's petition was correctly captioned as a petition for a writ of *habeas corpus*. However, the trial court did not err in denying that petition, as Hale's parole was not discharged or expired, and Hale was not entitled to credit for time served in Florida on unrelated charges.

[19] Affirmed.

Kirsch, J., and Pyle, J., concur.