## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jan 28 2015, 6:09 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

APPELLANT *PRO SE*

Cameron Williams
Pendleton, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Larry D. Allen
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Cameron Williams,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

January 28, 2015

Court of Appeals Cause No.
49A02-1408-PC-532

Appeal from the Marion Superior Court
The Honorable Steven R. Eichholtz, Judge
Cause No. 49G20-0706-PC-116679

**Bradford, Judge.**

# Case Summary

[1] Appellant-Petitioner Cameron Williams appeals from the denial of his petition for post-conviction relief ("PCR"). Williams claims that his trial and appellate counsel were ineffective and that there was insufficient evidence to show that his prior unrelated offenses were committed in the correct chronological order to satisfy the habitual offender statute. We affirm.

# Facts and Procedural History

[2] The underlying facts of this case were provided by another panel of this court in a memorandum decision addressing Williams's direct appeal:

> On June 20, 2007, Leonard Hayes, a security guard working at a building at 3737 North Meridian Street in Indianapolis, observed Williams fire a handgun into the air. Williams was standing in front of the building when he fired the shots, and, at that time, there were several people sitting outside an adjacent building. Hayes helped those people inside to safety, and Hayes then followed Williams towards Pennsylvania Street. Hayes called police, who arrived a short time later and arrested Williams.
>
> The State charged Williams with two counts of carrying a handgun without a license, unlawful possession of a firearm by a serious violent felon, criminal recklessness, and being an habitual offender. The State dismissed the first two counts before trial; a jury convicted him on the unlawful possession and criminal recklessness charges; and Williams admitted to being an habitual offender. The trial court sentenced Williams to an aggregate twenty year sentence.

[3] *Williams v. State*, No. 49A05-0712-CR-704, slip op. 1 (Ind. Ct. App. 2008). The State's charging information established the basis for the habitual offender enhancement and alleged three prior unrelated felony convictions, the first of

which was a Class C felony for carrying a handgun without a license, to which Williams pled guilty on September 27, 1999. (App. 80, 182, Ex. B, F) The second and third prior convictions were both Class D felonies for theft, to which Williams pled guilty on November 16, 2004 and September 16, 2005, respectively.

[4] On direct appeal, Williams raised two issues: (1) whether the evidence was sufficient to support his convictions and (2) whether he was entitled to a new sentencing hearing. *Id*. This court affirmed Williams's convictions. *Id*. slip op. at 2-3. In his first PCR proceeding, Williams claimed that he received ineffective assistance of trial and appellate counsel. *Williams v. State*, No. 49A02-1109-PC-502 (Ind. Ct. App. 2012) *trans. denied*. The PCR court denied Williams relief and this court affirmed that decision. *Id*. On March 15, 2013, this court granted Williams permission to file a successive petition for PCR which Williams filed on August 16, 2013. (App. 11-12) After a hearing on Williams's successive petition, the PCR court denied Williams's request for relief and issued finding of fact and conclusions of law. (App. 14, 19-24) Williams now appeals the PCR court's ruling.

# Discussion and Decision

## I. PCR Standard of Review

[5] "Post-conviction proceedings are not 'super appeals' through which convicted persons can raise issues they failed to raise at trial or on direct appeal. Rather, post-conviction proceedings afford petitioners a limited opportunity to raise

issues that were unavailable or unknown at trial and on direct appeal." *Bahm v. State*, 789 N.E.2d 50, 57 (Ind. Ct. App. 2003) *decision clarified on reh'g*, 794 N.E.2d 444 (Ind. Ct. App. 2003).

> In reviewing the judgment of a post-conviction court, appellate courts consider only the evidence and reasonable inferences supporting its judgment. The post-conviction court is the sole judge of the evidence and the credibility of the witnesses. To prevail on appeal from denial of post-conviction relief, the petitioner must show that the evidence as a whole leads unerringly and unmistakably to a conclusion opposite to that reached by the post-conviction court…. Only where the evidence is without conflict and leads to but one conclusion, and the post-conviction court has reached the opposite conclusion, will its findings or conclusions be disturbed as being contrary to law.

*Hall v. State*, 849 N.E.2d 466, 468-469 (Ind. 2006) (internal citations and quotations omitted).

## II. Habitual Offender Enhancement

[6] Williams argues that his habitual offender enhancement must be vacated because two of the prior unrelated convictions were not committed in the proper chronological sequence as is necessary to satisfy the habitual offender statute. Indiana Code section 35-50-2-8 provides that an individual may be sentenced as a habitual offender if the individual has accumulated two prior unrelated felony convictions.

> (c) A person has accumulated two (2) prior unrelated felony convictions for purposes of this section only if:
> (1) the second prior unrelated felony conviction *was committed after sentencing for the first prior unrelated felony conviction*; and

(2) the offense for which the state seeks to have the person sentenced as a habitual offender was committed after sentencing for the second prior unrelated felony conviction.

Ind. Code § 35-50-2-8(c) (emphasis added). Williams contends that he committed the second felony theft on June 7, 2004, prior to his November 16, 2004 conviction for the first felony theft. Therefore, the two offenses are not unrelated under Section 35-50-2-8(c). Although Williams is correct on this point, he does not contest the validity of his 1999 felony conviction for unlicensed possession of a handgun. As such, the 1999 felony conviction and either of the subsequent felony theft convictions are two prior unrelated convictions sufficient to establish that Williams is a habitual offender.

# III. Ineffective Assistance of Counsel

[7]     We review claims of ineffective assistance of counsel based upon the principles enunciated in *Strickland v. Washington*, 466 U.S. 668 (1984):

> [A] claimant must demonstrate that counsel's performance fell below an objective standard of reasonableness based on prevailing professional norms, and that the deficient performance resulted in prejudice. Prejudice occurs when the defendant demonstrates that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." A reasonable probability arises when there is a "probability sufficient to undermine confidence in the outcome."

*Grinstead v. State*, 845 N.E.2d 1027, 1031 (Ind. 2006) (*quoting Strickland*, 466 U.S. at 694).

[8] Williams contends that he received ineffective assistance because his trial and appellate counsel failed to raise the issue addressed in Section II above: whether the State provided sufficient evidence to show that Williams was a habitual offender. Because Williams raised claims of ineffective counsel in his first PCR petition, he is precluded from re-raising those claims here. [1] *Ben–Yisrayl v. State*, 738 N.E.2d 253, 258 (Ind. 2000). Once a defendant raises a claim of ineffective assistance of counsel, whether on direct appeal or in a PCR, he must raise all issues relating to that claim. *Id*. at 259. The defendant is barred by the doctrine of *res judicata* from relitigating the issues in a subsequent PCR, even where he presents additional examples of counsel's alleged ineffectiveness. *Id*.

[9] The judgment of the post-conviction court is affirmed.

Najam, J., and Mathias, J., concur.

---

[1] Despite this preclusion, Williams's claim still fails on its merits. As stated in Section II, Williams's prior felony convictions did support his admission to being a habitual offender. Therefore, there is not a reasonable probability that the outcome of the proceedings would have been different had trial or appellate counsel raised that issue.