## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 11 2016, 8:31 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Stephen T. Owens
Public Defender of Indiana

Jonathan O. Chenoweth
Deputy Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

George P. Sherman
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| James "Jamar" Mason<br>*Appellant-Petitioner,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Respondent.* | May 11, 2016<br><br>Court of Appeals Case No.<br>71A03-1512-PC-2099<br><br>Appeal from the St. Joseph Superior Court<br><br>The Honorable John M. Marnocha, Judge<br><br>Trial Court Cause No.<br>71D02-1207-PC-37 |

**Bradford, Judge.**

## Case Summary

In 2009, Appellant-Petitioner James Mason was arrested after selling crack cocaine to an undercover police officer and a police informant. Mason's conviction for dealing in cocaine was enhanced because the deal took place within 1,000 feet of a school. Mason's conviction was sustained on direct appeal. Mason filed a petition for post-conviction relief ("PCR") arguing that his trial counsel was ineffective for failing to argue that Indiana Code section 35-48-4-16 (2009) precluded the enhancement. Mason now appeals the post-conviction court's denial of his PCR petition. We affirm.

## Facts and Procedural History

We set out the facts of this case in Mason's 2011 direct appeal.

> On September 24, 2009, South Bend Police Officer Paul Moring, an undercover police officer with the South Bend Police Department's Metro Special Operations Section, was conducting a "bust-buy operation, for open air drug dealing" by "people that are either on foot or standing [on] the street corner, riding bicycles, sitting in vehicles" and "selling narcotics to individuals that flag them down or walk up to them." (Tr. 108). As part of the operation, Officer Moring was driving an unmarked vehicle in an area known for drug dealing. Other officers were posted outside the vehicle and monitoring the vehicle with video and audio recording devices. Minnie Franklin, an informant, was in the passenger seat.
>
> As he drove around the area, Officer Moring observed Mason standing in an alley. Officer Moring had not seen Mason before, and it appeared as if he were loading items from a garage into a van. As Officer Moring drove toward Mason, Franklin asked "if he had a 2–0," which is "street slang for twenty dollars of crack

cocaine." (Tr. 112). Mason nodded, indicating they were to drive down the alley.

Officer Moring slowly drove down the alley while Mason followed on foot. Once Officer Moring parked on the nearest cross-street, Mason approached the front passenger side of the vehicle and began talking with Franklin, who again told him that she was "looking for a twenty." (Tr. 114). Mason then walked over to the driver's side of the vehicle and asked for a ride to a place where he could get some cocaine. Mason "was persistent in needing a ride to Indiana Street to obtain the drugs." (Tr. 117). Officer Moring declined and told Mason that he needed to pick up his child. Mason therefore gave Officer Moring his cell phone number, and Officer Moring told him that he would be back "in a few minutes." (Tr. 117).

Shortly thereafter, Officer Moring returned to the alley. Mason got in his van and told Officer Moring to follow him. Officer Moring followed Mason to East Dubail Street, where Mason parked less than 100 feet from Studebaker School. Following Mason's directions, Officer Moring parked behind the van. Officer Moring watched as Mason walked northbound. Other officers conducting surveillance reported that Mason appeared to be obtaining cocaine.

Mason then returned to Officer Moring's vehicle and "asked for the money." (Tr. 127). Officer Moring gave Mason twenty dollars, in return for which Mason gave Officer Moring .16 grams of "loose crack cocaine." (Tr. 127). Officers arrested Mason after Officer Moring left the scene.

On September 28, 2009, the State charged Mason with class A felony dealing in cocaine. The trial court commenced a two-day jury trial on November 16, 2010, after which the jury found Mason guilty as charged. Following a sentencing hearing on January 5, 2011, the trial court sentenced Mason to twenty years.

*Mason v. State*, 953 N.E.2d 681, slip op. *1 (Ind. Ct. App., Sept. 9, 2011). On direct appeal, Mason argued that there was insufficient evidence to rebut his entrapment defense, and this court affirmed his conviction. *Id*. at 2.

[3] On July 26, 2012, Mason filed a *pro se* PCR petition which was amended by counsel on May 15, 2015. The post-conviction court held an evidentiary hearing before ultimately denying Mason's petition.

## Discussion and Decision

[4] "Post-conviction proceedings are not 'super appeals' through which convicted persons can raise issues they failed to raise at trial or on direct appeal. Rather, post-conviction proceedings afford petitioners a limited opportunity to raise issues that were unavailable or unknown at trial and on direct appeal." *Bahm v. State*, 789 N.E.2d 50, 57 (Ind. Ct. App. 2003) *decision clarified on reh'g*, 794 N.E.2d 444 (Ind. Ct. App. 2003).

> In reviewing the judgment of a post-conviction court, appellate courts consider only the evidence and reasonable inferences supporting its judgment. The post-conviction court is the sole judge of the evidence and the credibility of the witnesses. To prevail on appeal from denial of post-conviction relief, the petitioner must show that the evidence as a whole leads unerringly and unmistakably to a conclusion opposite to that reached by the post-conviction court.… Only where the evidence is without conflict and leads to but one conclusion, and the post-conviction court has reached the opposite conclusion, will its findings or conclusions be disturbed as being contrary to law.

*Hall v. State*, 849 N.E.2d 466, 468-469 (Ind. 2006) (internal citations and quotations omitted).

Mason claims that he received ineffective assistance of trial counsel. We review claims of ineffective assistance of counsel based upon the principles enunciated in *Strickland v. Washington*, 466 U.S. 668 (1984):

> [A] claimant must demonstrate that counsel's performance fell below an objective standard of reasonableness based on prevailing professional norms, and that the deficient performance resulted in prejudice. Prejudice occurs when the defendant demonstrates that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." A reasonable probability arises when there is a "probability sufficient to undermine confidence in the outcome."

*Grinstead v. State*, 845 N.E.2d 1027, 1031 (Ind. 2006) (quoting *Strickland*, 466 U.S. at 694). "'A strong presumption arises that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.'" *Pruitt v. State*, 903 N.E.2d 899, 906 (Ind. 2009) (quoting *Lambert v. State*, 743 N.E.2d 719, 730 (Ind. 2001)).

At the time of Mason's offense, dealing in cocaine was a Class B felony which was enhanced to a Class A felony in this case because the deal took place within 1,000 feet of a school. Ind. Code § 35-48-4-1 (2009). Mason argues that his trial counsel was ineffective for failing to argue that the statutory defense provided by Indiana Code section 35-48-4-16(c) precluded the enhancement.

It is a defense for a person charged under this chapter with an offense that contains an element listed in subsection (a) that a person was in, on, or within one thousand (1,000) feet of school property, a public park, a family housing complex, or a youth program center at the request or suggestion of a law enforcement officer or an agent of a law enforcement officer.

Ind. Code § 35-48-4-16(c) (2009).

[7] At the post-conviction hearing, trial counsel testified that there was no evidence that Officer Moring or the informant suggested the deal location and, in fact, it was Mason who chose the location.

> [I]t is readily apparent from [the] trial transcript, that Officer Moring actually followed the defendant to the area where the transaction was to take place. And it wasn't Officer Moring who told the defendant or any agent of Officer Moring, who told the defendant where to meet him, it was the defendant who chose the location. And from the photographs introduced into evidence at trial it was apparently clear to anybody that that location was right across from the Studebaker School. And so because it was Mr. Mason who chose the location and not the police, the entrapment defense under Ind. Code 35-48-4-[1]6(c), simply does not apply. I can't find at all any evidence which would indicate that anybody, including Mr. Moring, that that location was chosen by the police or an agent of the police, but it was in fact chosen by Mr. Mason for the transaction and the dealing then took place.

PCR Tr. p. 25.

[8] Mason seems to concede that neither Officer Moring nor the informant suggested a specific location to complete the deal. Instead, Mason argues that

he would not have been at the location at all had Moring and the informant not requested to buy crack cocaine in the first place. This argument is no more than an attempt by Mason to rehash his entrapment defense, which failed at trial. Officer Moring and the informant were ready and willing to purchase the contraband at the original location but Mason voluntarily led Officer Moring to another location near the school to complete the deal.

[9] To successfully invoke the defense provided by Indiana Code section 35-48-4-16(c), the evidence must show that police, or an informant being directed by police, was the active party in determining the location of the activity in question, and that the defendant was passive and only acquiesced to the officer or informant's request. *See Bell v. State*, 881 N.E.2d 1080, 1086 (Ind. Ct. App. 2008) (finding that police suggested location within 1,000 feet of a public park where defendant was summoned to informant's apartment by the informant at the behest of police to complete sale of crack-cocaine); *see also Abbott v. State*, 961 N.E.2d 1016, 1018 (Ind. 2012) (revising sentence for possession of cocaine enhanced for being within 1,000 feet of a school where police pulled over vehicle in which defendant was riding near a school and "[n[othing in the record suggest[ed] that the driver of the car had anything to do with the location of the stop."). Because the evidence does not support Mason's proposed statutory defense, Mason's trial counsel was not ineffective for declining to raise the issue.

[10] The judgment of the post-conviction court is affirmed.

Bailey, J., and Altice, J., concur.